Peck, J.
delivered the opinion of the court.
In the case before us, though several points are made, they all resolve themselves into one; and that is, supposing the warrant as it is called to have been properly in the hands of the deceased, and that he was an officer with authority to have made the arrest attempted on the prisoner, with a sufficient process, was the one in his hands illegal for the want of a seal?
The authorities amply sustain the position of the counsel for the prisoner, that a warrant commanding an arrest on behalf of the state not having the magistrate’s seal, is void. 2 Inst. 52, 591. Salkeld, 174. 1 Hale, 577. 2 Hale, 110, 111. Hawkins’ book 2, ch. 13, sec. 21. Com. Dig. Improvement H. 7. 4 Blk. Com. 290. State vs. Curtis. 1 Hay. Rep.
Whatever modern authorities may seem to indicate to the contrary in England, we hold it on the authority of the case in Haywood above cited, that the common *394 law of this country is so settled, and the seal cannot be dispensed with.
The officer therefore attempting to make an arrest upon this void authority, acted at his peril; in contemplation of law he had no process; and the attempt made to arrest the prisoner was not justified. The killing therefore having proceeded from the unauthorized attempt upon the person of the prisoner, reduces the of-fence to the crime of manslaughter. 1 Russell on Crimes, 733-4-5-6. Cro. Ch. 371.
The court below in trying the cause having given to the supposed authority all the force and effect of a lawful warrant, which is seen throughout the whole record, committed an error. Remove the warrant, and there was no right in the deceased to make the arrest; the effect of the evidence would be changed, and the transaction presented in a different light; the deceased is made a wrong doer, and whether there had been previous malice or not, the slaying was referable only to the attempt to arrest. This rule falls in with, and is directly applicable to, the evidence in this cause, for the prisoner attempted twice to depart in peace, before the attempt to arrest him, and in both instances was prevented by the deceased calling him back. Let the judgment of the circuit court be reversed, and the cause remanded to be proceeded in, in conformity to this opinion.
Judgment reversed.