Lessee of Boal et al. *v.* King et al.

---

LESSEE OF BOAL AND OTHERS *v.* KING AND OTHERS.

A writ of *fi. fa.*, issued without seal from a court having and using a seal, is void. A levy on such writ, and a sale on a subsequent valid writ, conveys no title.

THIS case was adjourned here for decision, from the county of Hamilton. It came up for decision on a motion for a new trial, made by the plaintiffs, on the following state of facts:

The plaintiffs, to show title in themselves, produced in evidence a record of a judgment rendered in the general court, in Hamilton

county, at March term, 1800, at the suit of Mills against Symmes; the original writ of *fi. fa. et lev. fa.* issued upon this judgment, returnable to March term, 1801, and returned levied upon the premises in question; a *vendi.*, returnable to October term, 1801; and the sheriff's deed, upon a sale made under the *vendi.*, dated September 10, 1801, acknowledged in open court by the sheriff, in conformity with the then existing law.

Upon examining these documents, it appeared that no seal had been attached to, or impressed upon, the original writ of *fi. fa. et lev. fa.*, the law requiring, and the general court then having and using a seal to authenticate its process. The defendants *moved the court to reject the executions and deed for this defect, insisting that a writ of execution not under the seal of the court, was void. The court rejected the evidence, and the plaintiffs moved for a new trial.

N. WRIGHT, in support of the motion, contended:

1. The acknowledgment of the deed, in open court, was a confirmation of the sale. 2 Bin. 46, 277.

2. That a valid *fi. fa. et lev. fa.* should be presumed, after so great a length of time, where the sale was upon a valid *vendi.* and deed made.

3. That the valid *vendi.* invested the sheriff with power to sell; consequently, that the sale was voidable only, and not void, which should have been taken advantage of at the return of the writ. As to irregularities that are or are not fatal, he cited 3 Johns. 144; 4 Id. 89; 18 Id. 441; 19 Id. 60, 170; 1 Cow. 643; 2 Id. 455; 5 Id. 529; 9 Id. 182; 1 Wend. 524, 585; 5 Id. 103.

No argument was presented for the defendants.

Judge LANE delivered the opinion of the court:

No principle is more definitively settled, than that the process of a court having a seal can only be evidenced by its seal, which is the appointed mode of showing its authenticity. Without it, a majority of the court hold such process void. The cases in 19 Johns. 170; 5 Cow. 550, and 5 Wend. 133, show the necessity of a seal to writs. In the two latter, a seal is allowed to be affixed by way of amendment, because necessary to the writ's validity.

The practice in Pennsylvania is to hold the proceedings of the

·sheriff, upon executions for the sale of real estate, subject to examination, and to hear objections in behalf of the defendant, at the time of taking the acknowledgment of the deed. If this opportunity of objecting is neglected, he is concluded. 2 Bin. 46, 227. But this implied confirmation seems to have cured irregularities only; it never was held to supply defects of power. No such practice of examining the sheriff's proceedings obtained here, until introduced by statute in 1822. Mere irregularities are now cured under this provision.

If the *fi. fa. et lev. fa.* were lost, the judgment, *vendi.* and deed, would induce the presumption that it had existed, and was regular; but where it is produced, and shows upon its face that it is ·defective, no such presumption can be raised.

*The valid *vendi.* does not supply the defect of the original [13 *fi. fa. et lev. fa.* The predicate of the *vendi.* is a previous valid writ of *fi. fa. et lev. fa.*, and a valid levy upon it. There must have been a *seizing* in execution upon authority to *seize.* This the *vendi.* could not confer. The direction to *sell* is not an authority to *take.*

A sheriff is not subject to punishment for omitting or refusing to execute a nugatory writ. He would certainly be excused for ·disobeying it.

New trial refused.