## VALIDITY OF WARRANT ISSUED BY MAYOR.

### Circuit Court of Cuyahoga County.

JOHN LENARCIE v. STATE OF OHIO; AND FRANK PARK v. STATE OF OHIO.

Decided, May 27, 1907.

*Writs—Mayor's Seal Necessary to Validate Warrant for Arrest.*

A warrant for arrest issued by the mayor of a municipality without affixing to it his official seal, as provided in Section 1536-773*a*, Revised Statutes, is invalid.

*Glenn E. Griswold* and *O. H. L. Castle,* for plaintiff ·in error. *W. B. Wheeler,* contra.

MARVIN, J.; HENRY, J., concurs.

The conclusion reached in these cases depends upon a proposition applicable alike to each, hence the result is here announced in both. The judgment of the court of common pleas affirming the judgment of conviction rendered by the mayor of Nottingham must be reversed, as well as the judgment of the mayor. The result reached is in conflict with the views entertained by me at the hearing, but an examination of the authorities has convinced both me and my associate that the mayor in each of these

cases should have discharged the prisoner, upon the motion to discharge made before him, and this because his seal was not attached to the warrant issued for the arrest.

I am disposed to criticize counsel for plaintiff in error in not having taken pains to cite the statutes upon which he relies by their present numbers. He cites Sections 1745 and 1837; both of those sections are repealed, and it would not be asking too much of counsel, as we think, to require them to cite the sections of the statute as they now are. The sections as they now are, however, upon which the plaintiffs in error rely, are Section 1536-774, which requires that the council shall furnish to the mayor the corporate seal of the corporation, describing the seal, and Section 1536-773a, speaking of the duties of the mayor, which provides that "he shall subscribe his name and affix the official seal to all writs, processes, transcripts and other official papers."

Among the authorities which have been examined and which convince us of the necessity of the affixing of the seal, to make any writ, including a warrant for arrest, valid, which is issued by an officer having a seal, we call attention to *Boal, Lessee, etc.,* v. *King et al,* 6 Ohio Reports, 11. In this case it is said in the opinion by Lane, J.:

"No principle is more definitely settled than that the process of a court having a seal can only be evidenced by its seal, which is the appointed mode of showing its authenticity. Without it, a majority of the court hold such process void."

The first clause of the head-note reads:

"An execution issued without a seal from a court having and using a seal is void and of course all proceedings under it are void too."

In *Rankin* v. *Sanderson,* 35 Ohio State, 482, it is held that the statute which provides that a bill of exceptions must be signed and sealed is to be strictly construed, and that no bill can be considered except it is sealed, in case it is taken from a court having a seal.

There is an old English case found in Willes Reports, at page 411, *Padfield* v. *Cabell et al,* in which it is held that a warrant

of distress without a seal is valid, but only because no seal is required by the terms of the statute.

In *State* v. *Goyette*, 11 Rhode Island, 592, the question under consideration was whether a warrant issued by an officer having a seal and returnable to a court having another and different seal, should have upon it the seal of the officer issuing the writ or the seal of the court to which it was made returnable, and at page 593 this language is used:

"Under the statute, criminal complaints are to be made to a trial justice or his clerk, and the warrants are to be issued by such justice or clerk. A warrant, therefore, should be under the seal of the justice or clerk who issues it. It should not, as the defendant contends, be under the seal of the court to which it is returnable."

In *Tackett* v. *State*, 24 American Decisions, 582 (this is a case in the Supreme Court of Tennessee), the syllabus reads:

"Warrant of arrest in a criminal case not having the magistrate's seal is void."

In *Bell* v. *Farnsworth*, 30 Tenn., 608, this language is used in the opinion at page 611:

"But it appears on production of the warrant, although it had been obtained at the instance and on the oath of the plaintiff, that yet it was defective in legal formality deemed in law to be indispensable. Giving effect to this objection to the full extent of this proof, it goes no further than to vitiate the warrant, and any proceedings which occurred subsequent to the warrant and predicated upon it."

In *Bishop's New Criminal Procedure*, Volume 1, Section 227, this language is used:

"Opinions are divided as to whether the warrant of a justice of the peace must be under seal, where the statute is silent on the question. Chitty deems that though a seal is commonly looked upon as necessary, still in the absence of a statutory requirement, the warrant seems to suffice if in writing and signed by the magistrate. It has been adjudged valid without seal in South Carolina, New Hampshire and New York; but in some of the other states the seal is held to be essential."

By an examination of these cases it will be found that wherever it has been held that a seal is not necessary to the validity

of a warrant there was *no* statute requiring a seal to be affixed. In this state, as appears by the statutes to which attention has already been called, the mayor is provided with a seal, and is required to attest all writs issued by him by using his seal. The want of this seal was not waived by the prisoner in either of the cases under consideration, but in each case the motion was made to discharge because of the invalidity of the warrant for want of such seal, which motions were overruled.

The fact that the mayor later on affixed his seal does not cure this defect. The result is the reversal of these cases as already stated, and the order here is that both of the plaintiffs in error be discharged.

Notwithstanding this holding, which entirely disposes of the cases, we have examined the other proceedings complained of as erroneous and find that if the warrants had been valid, the other proceedings were without error.