ALBANY,
Dec. 1830.

### WELLS vs. FEETER and LOUCKS.

Wells
v.
Feeter.

Where an action of debt on bond is prosecuted in this court, and the penalty exceeds $50, but the condition is for a sum not exceeding $50, the plaintiff is not entitled to costs, if *before judgment* the defendant pays or tenders the amount actually due, according to the condition of the bond.

Dec. 9th.

THE defendants were sued on a bond to stay a justice's judgment for $28,09. The *penalty* was $60, conditioned to pay the amount of the justice's judgment. On the 23d July an action of debt was commenced in this court on the bond, by the filing and service of a declaration. On the 16th August the defendants tendered to the plaintiff's attorney the sum of $28,96, being the amount due the plaintiff according to the condition of the bond. The attorney refused to receive the money unless the costs of this suit were paid. The defendants then applied to this court for a rule that the clerk compute the amount due to the plaintiff according to the condition of the bond, and that on payment of such amount into court, all further proceedings on the part of the plaintiff be stayed.

*D. Burwell,* for defendants.

*A. Loomis,* for plaintiff.

*By the Court,* MARCY, J. Had the suit in this case progressed to judgment by default, the plaintiff would have been

---

entitled to judgment for the penalty, and that exceeding $50, he would of course have recovered costs. So he would have been entitled to a like judgment and recovered costs, had the defendants pleaded and failed in shewing payment of the bond or of a part thereof; but had they proved payment of ever so inconsiderable a sum, the plaintiff would not have been entitled to costs, but would have been liable to pay costs; for, in such case the amount actually *due* is the test by which the right to costs is determined; and if the plaintiff does not recover a sufficient sum to entitle him to costs, the defendant has judgment for costs. 2 *R. S.* 615, 16, § 16, 21, 22. So, too, where a suit upon a *contract* is *settled* before judgment, and the sum actually due does not exceed $50, costs cannot be demanded or received by the plaintiff. *id.* § 21. In this case, the amount actually due was tendered, and such tender was a settlement of the suit within the meaning of the statute. The plaintiff was under no necessity of prosecuting in this court; he might have brought his suit in a justice's court, to which courts jurisdiction is expressly given where there is a bond with a penalty exceeding $50, with condition for the payment of a sum of money not exceeding $50, by action of covenant on the condition. 2 *R. S.* 225, § 3. The defendants are therefore entitled to the rule asked for.

Motion granted.