<em>NEW-YORK,<br>May, 1834.</em><br><br>Lewis<br>v.<br>Spencer.

---

LEWIS <em>vs.</em> SPENCER.

Although the obligee of a *bond*, the penalty of which exceeds $50, may bring an action of *covenant* in a *justice's court*, to enforce the condition, where the *sums specified* in the condition, or the *damages claimed* for breach thereof do not exceed $50, still he is not bound to do so; but may bring an action of *debt* on the *penalty* in a court of record, and recover costs.

The *dictum* in *Bates* v. *Loomis*, 5 Wendell, 133, that the payment of a *part* of the sum specified in the condition of such a bond would destroy the plaintiff's right to costs, *questioned*.

ERROR from the Madison common pleas. Spencer sued Lewis upon a bond in the penal sum of $60, conditioned that Lewis should pay Spencer *such taxable costs* as one Gardner should recover against one Denny, in a suit depending in the Madison common pleas, in case judgment for costs should be rendered in such suit in favor of Gardner. The plaintiff averred that in October, 1830, judgment for costs to the amount of $42,75 was rendered in favor of Gardner against Denny. Lewis suffered a default, and the damages of the plaintiff were assessed on a *writ of inquiry* at $45,74. The plaintiff, in October, 1831, took judgment for the *penalty* of his bond, and

NEW-YORK, $29,44, costs of increase.   The defendant sued out a writ of
May, 1834. error.

Lewis
v.
Spencer.

*C. P. Kirkland,* for plaintiff in error, insisted, that as the
legislature had authorized a suit in that case like this to be
brought in a *justice's court,* 2 R. S. 225, § 3, it was manifestly
their intention that defendants in such cases should not be sub-
jected to *the costs of courts of record,* and that therefore the
statute should receive such a construction as to make it com-
pulsory on plaintiffs to bring their suits in such cases in *justi-
ces' courts,* or if brought in courts of record, that they should
not recover costs.

*J. A. Spencer,* contra.

*By the Court,* NELSON, J.   It was decided in *Boomer* v.
*Laine,* 10 Wendell, 525, that a justice had jurisdiction in an
action of *covenant* upon the condition of a bond, the penalty
of which exceeded fifty dollars, where the damages claimed
did not exceed that sum, and that it was not limited to a bond,
where the condition was for the payment of money only.
The ground of this decision was, that by the 2 R. S. 225, §
2, jurisdiction is expressly given to the justice, in all actions
of *covenant,* in which the damages claimed do not exceed fif-
ty dollars, and that at common law this action was well
brought, upon the *condition* of the bond : of the correctness of
this position I think there can be no doubt.  1 Chitty's Pl. 110.
6 Vin. Abr. Cov. B. pl. 10.   1 W. Black. R. 395.   5 Wend.
191.   9 id. 235, 6.

The 2 R. S. 225, § 3, gives also in express terms an action
of *covenant* on the condition of a bond for the payment of
several sums of money, not exceeding fifty dollars.   The same
section provides also that a recovery for one instalment shall
not bar a subsequent suit for another.   There is nothing new
in this section, if we are correct in the position that covenant
will lie upon the condition of the bond at common law.   Co.
Litt. 292, b. 3 vol. 420, Thomas' ed. id. 272, (n. w.)   1 Chitty,
113.   Cro. Car. 241.   1 H. Black. 547.   Since the statutes of
4 and 5 Ann, and 8 and 9 W., which we have adopted, 2 R. S.

353, § 12, 13; 378, § 1 and onward, the condition of the bond contains the actual liability or debt due ; and there is in it an implied, if not express covenant or agreement, to perform or pay as the case may be. The condition of the bond in question was for the payment of a sum of money less than $50, and therefore came directly within the 3d section, which gives the action of covenant upon the condition. Still, according to the above view, this makes no difference in this case. The plaintiff in the common pleas was entitled to full costs. It has long been settled that the judgment recovered is the *test* to determine the right to costs ; and there is no doubt, in an action of debt, upon a bond with a penalty, conditioned to pay money, or perform covenants, the judgment must be for the penalty, except in the single case of a set-off. 13 Johns. R. 345. 2 Cowen, 412. 5 id. 424. 6 id. 57. 9 id. 652, and *Bates v. Loomis,* 5 Wendell, 133, There is a slight inaccuracy in the last case that should be corrected. Mr. Justice Marcy, after saying that the plaintiff would be entitled to costs, in a judgment by default, or on verdict, if the defendant had failed to show payment, adds, " had they (the defendants) proved payment of ever so inconsiderable a sum, the plaintiff would not have been entitled to costs, but would have been liable to pay costs, for in such case the amount actually due is the test by which the right to costs is determined." The learned judge no doubt had in his mind, at the time, the case of a set-off, 2 R. S. 355, § 21, which provides that the plaintiff shall have judgment only for the *balance due,* and which has been construed in the case of an action of debt upon a bond, to confine the judgment to that sum, excluding the penalty. See the above cases, and *Van Antwerp v. R. and J. Ingersoll,* 2 Caines' R. 107.

There being nothing in the revised statutes preventing the action of debt upon a bond, or varying the form of a judgment, except in the single case of set-off, nor changing the settled rule that the judgment is the test by which the right to costs is determined, it seems necessarily to follow that the plaintiff was entitled to costs in this case. The revisors reported two sections providing, that in case of a bond, or other instrument, containing a penalty conditioned for the payment of

money, or performance of covenants, in the one case the mo-
ney actually due, and in the other the damages assessed, should
be the test to determine the right to costs ; but they were not
adopted by the legislature, and the law therefore remains as it
was previous to the the revision.

Judgment affirmed.