Howe v. Goodrich.

---

## HOWE *vs.* GOODRICH.

Where a suit is brought in this court upon a bond, the *penalty* whereof exceeds $250, but the *amount due is less than* $50, the plaintiff is not entitled to costs, provided the defendant, previous to the obtaining of judgment against him on the bond, tenders the amount due; and on showing such tender, an order for a perpetual stay of proceedings will be granted.

THIS was a motion for a perpetual stay of proceedings. The plaintiff declared upon an arbitration bond in the penalty of $500, stating an award for $13.72. The defendant's attorney offered to pay the $13.72 and common pleas costs, but the plaintiff's attorney claimed supreme court costs. The defendant now moves that the clerk compute the amount due to the plaintiff, and that on payment of that sum into court, all further proceedings stay perpetually.

*By the Court.* By the Revised Statutes, (2 *R. S.* 616, § 21,) it is enacted that "where any suit upon any contract, except against executors and administrators, is settled before judgment, and the sum actually due and admitted does not exceed the sum which upon a recovery would entitle the plaintiff to [561] costs, no costs shall be demanded or received; if the sum so due exceeds $50, and does not exceed $250, no other or greater costs shall be demanded or received, than if such suit had been brought in a court of common pleas." In *Wells* v. *Feeter,* (5 *Wendell,* 133,) it was decided that the true construction of this section is this: that if less than $50 is admitted to be due, no costs shall be received upon settlement, although the plaintiff might recover costs upon obtaining a judgment, as upon the penalty of a bond; it was also determined that a tender of the amount due is a settlement of the suit within the meaning of the statute. This case comes precisely within that decision, and strongly exemplifies the justice of such a legislative provision. The plaintiff admits that only $13.72 are due to him; but because the penalty of his bond is $500, he seeks to compel the defendant to pay supreme court costs, when he ought to have prosecuted before a justice. According to our statutes and our forms of entering judgment, he would have accomplished his object, but for the section above quoted. The judgment must necessarily have been for $500; and the condition being for the performance of an award, and the defendant being unable to reduce the amount of $13.72 by a *set-off,* the defendant must necessarily have paid supreme court costs. The case of *Lewis* v. *Spencer,* (12 *Wendell,* 140,) contains nothing at variance with this doctrine, but confirms it. There the plaintiff had recovered judgment on the penalty, and it was held he was entitled to costs. So he would in this case, if he had proceeded to judgment. But if, in that case, a motion had been made in the Madison common pleas, founded upon a tender before judgment of the amount actually due, which was $42.75, a perpetual stay would have been ordered, as it was in *Wells* v. *Feeter.*   Motion granted, with costs.