By the Court,

Cowen, J.
The principle of this plea was considered, 21 Wendell, 273, on demurrer to a general plea of the forfeiture. We there treated the two subscriptions as making but one debt of $2100, which, under the provisions of the act of incorporation, was paid so far as the *129 cash value of the stock would reach towards the debts subscribed and the interest. It is now thought that, though the value of the stock may be less, yet if it be equal to the particular sum claimed in this suit, the law will pronounce, as a necessary consequence, that it shall be appropriated so as to extinguish that. We think not. The company has made no specific appropriation; and the defendant had no power to do it. At any rate, he avers no appropriation or attempt to appropriate on his part. The stock was holden as a general security for payment of the whole $2100, the subscriptions being entire. They were to the same instrument, and must be read as if made at the same time; though several suits might be brought, and it is known were brought, from time to time as instalments fell due under calls made by the directors. That the whole was not called for before any suit was brought, does not work such a severance as to vary the rule of appropriation. The whole subscription was due, though a part might have been left to become payable on the calls being made. The doctrine of appropriation depends on the presumed intent of the parties. In such a case I take the rule to be entirely clear. The pledge being intended to secure the whole, shall be applied to the whole as it may be turned into money or its equivalent from time to time; and the application shall be in equal proportion to all instalments payable or yet to become payable. (Vid. Perrie v. Roberts, 2 Cas. in Ch. 83, 84; 9 Cowen, 776,777, note, and Blackstone Bank v. Hill, 10 Pick. 129, 131.)
But if the instalments are to be considered as several debts, the rule is the same. It is thus laid down in the civil law: “ When a debtor, obliging himself to a creditor for several causes, at one and the same time, gives him pawns or mortgages which he engages for the security of all the debts, the money which is raised by the sale of the pawns or mortgages shall be appropriated in an equal proportion to the discharge of every one of the debts.” (Dom. B. 4, tit. 1, § 4, pi. 7. Vid. 9 Cowen’s R. 776, 7, note.) The rule is, however, laid down with the qualification, that if interest be *130 due, that is first to be paid; and the balance apportioned. (Id. id. Dom. B. 3, tit. 1, § 3, pi. 15.) But this cannot present a question of any importance, except where the value of the pledge or the money raised by a sale, comes short of the whole amount of the debt and interest. To make the plea a valid bar, two things are requisite: 1. that the thing pledged be of sufficient cash value to extinguish the whole of the debt and interest; 2. that it be appropriated either by taking actual possession, or selling it. It follows that the plea in question is defective in substance.
We are not necessarily called upon to inquire whether such taking possession, or sale after suit brought, would bar the action, short of a value covering costs as well as principal and interest. In general, a payment and acceptance of the principal sum and interest, at any time pending the suit, extinguishes all claim to costs, these being but an incident to the debt. So of an accord and ^satisfaction, release, or any other act which works an absolute discharge of the principal thing.(a) To prevent such a consequence, the practice is quite familiar of receving payment specially or in deposit, to apply upon paying the costs afterwards. So. where a partial payment is made, which, if not qualified, would reduce the amount of recovery to a sum that will not carry costs.(b)
*131 However, there must be judgment for the plaintiffs, on the ground that the value of the stock is not averred to reach the whole debt and interest.
Judgment for the plaintiffs.

 See Pierce & Morss v. Thompson, reported in Cowen’s Treat. 1st ed. p. 130, et seq. Also Gilmore v. Carr, 2 Mass. Rep. 17.

 Where, after suit brought, the amount claimed was reduced by partial payments below what would entitle the plaintiff to full supreme court costs, and a cognovit taken for the balance, the party was held not entitled to supreme court costs. (McGregor v. Loveland, 1 Cain. Rep. 66.) If a suit be settled without mentioning costs, each party shall pay his own costs. (Johnston v. Brannan, 5 John. Rep. 268.) The revised statutes provide (2 R. S. 616, § 21,) that in case of the settlement of a suit upon contract before judgment, if the amount found due the plaintiff does not exceed the sum which upon a recovery would entitle the plaintiff to costs, no costs shall be demanded or received. Under this provision it appears to have been held, that in an action of debt for the penalty of a bond, if the actual amount due is under fifty dollars, though the penalty be five hundred dollars, the court will order a stay of pro-, ceedings on the defendant’s merely tendering the sum due without costs. (Wells v. Feeter and Loucks, 5 Wend. 133. Howe v. Goodrich, 18 id. 560.) This *131 was upon the principle (as stated by Marcy, J. in the case first cited,) that the tender was equivalent to a settlement; and yet, conceded, that on judgment being obtained, costs would follow. (And see Bates v. Loomis, 12 Wend. 139.)