By the Court,
Cowen, J.
The plea is bad. It begins as an answer to part of the declaration, and is, in truth, an answer to only part. (21 Wend. 277.) The note is admitted to have been good for $100; and the judgment declared on was consequently good for so much.
It is supposed that this case "makes an exception to the rule of pleading established by our cases, denying the right of answer to only part of the declaration by way of plea; because the defendant here could not avail himself of the matter in any other way. But that is not so. He may give it in evidence by way of partial defence, on the trial upon the issue of nul tiel record. (Mervin v. Kum *196 bel, 23 Wend. 293, 301, 2. Herkimer M. & H. Co. v. Small, 21 id. 277.) It is a universal rule that where matter of total or partial defence cannot be pleaded, it may be given in evidence without plea.
By denying the right of pleading a partial defence, this court necessarily let the matter in by way of evidence. They bring it within the rule mentioned. If it cannot be pleaded it is equally unavailable under a statute notice of special matter; for the statute gives the right of notice in those cases only where the matter is admissible by way of plea.
We might feel constrained to allow this plea, if, as the defendant’s counsel supposes, the overruling of it would cut off any part of his just defence; but it cannot.
Judgment for plaintiff
, Pending the demurrer the cause was tried upon the issues of fact joined therein, at the Chenango circuit, in April, 1841, before Moktell, C. Judge. On the trial the defendant Babcock proved substantially the facts set out in his plea to which the demurrer was interposed, and a verdict was rendered for the plaintiff for $100 and interest. At the present term the plaintiff moved' for a new trial upon a case made.
Motion denied.