WALKER (NEALE v.). See Case No. 10,072.

WALKER (NEW YORK WIRE–RAILING CO. v.). See Case No. 10,218.

# Case No. 17,081.

## WALKER v. OGDEN et al.

[1 Biss. 287.] [1]

Circuit Court, N. D. Illinois. July Term, 1859.

CORPORATIONS—FORFEITURE OF STOCK—HOW MADE —REDEMPTION—WHEN ALLOWED.

1. The provision in the articles of agreement of a private joint-stock company, that upon default by a stockholder of payment of assessments, all his shares, right and interest in the association and its property shall be forfeited, does not authorize the trustees by a naked dec-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

laration to make a forfeiture against which a court of equity will not grant relief.

2. The fact that the complainant with the acquiescence of the trustees, gave security for the payment of his assessments already overdue, is of material assistance in entitling him to redeem.

3. Upon payment of the amount due, principal and interest, such a stockholder will be allowed to redeem, and the trustees will be ordered to make and deliver the proper certificates of stock.

[Cited in Hill v. Atoka Coal & Mining Co., 124 Mo. 153, 25 S. W. 931.]

4. It seems that where the articles of agreement do not provide an express mode in which stock is to be forfeited, a valid foreclosure cannot be made without the decree of a court of equity.

This was a bill in chancery, filed by Walker, to compel the defendants who, together with E. R. Le Bar, deceased, were the trustees of the Chicago Land Company, to issue to him a certificate for one hundred and sixty-six shares of stock in said company, which the defendants claimed had been forfeited to the other stockholders for non-payment of assessment. It appeared that the complainant with others were associated together in a voluntary joint stock enterprise for the purchase of lands in and about Chicago, in 1853, with the view to profits by anticipated enhancement in value. The entire stock was divided into eighteen thousand shares of one hundred dollars each. Walker subscribed for one thousand five hundred shares. The payment of twenty-five dollars entitled each subscriber to one full paid share of stock purporting to be of the value of one hundred dollars. Walker had made one payment, and was the owner of two hundred shares of stock. By the articles of agreement, it was provided that the trustees should have the power, and it should be their duty to make assessments upon the shareholders to meet such amounts as were necessary to make the successive payments falling due on the purchases of real estate made by them upon credit; and to give thirty days' notice of the time of payment of such assessments, directed to the post-office address of each shareholder; and if any shareholder should fail to pay the assessment so called for at the time specified, he should thereby forfeit all his shares, right and interest in the association and its property and effects of any sort and kind, except such shares as might have been previously issued to him; such forfeited shares to be distributed among the other stockholders who were not in default. The trustees, on the 19th of July, mailed a notice to Walker, which was signed by W. B. Ogden and M. D. Ogden, personally, and by E. R. Le Bar, the other trustee, by M. D. Ogden as his attorney in fact. The trust agreement authorized one trustee to appoint any associate trustee or trustees as his attorney. The power of attorney from Le Bar to Ogden was dated on the 18th of July, 1853, but was not executed until the 22d of July, and

its execution was not acknowledged, but proven. No execution, however, was admitted in this case. In October, 1854, the trustees, in pursuance of the express instructions of the stockholders, consummated the forfeiture of Walker's stock by sending to him a formal written notice of such forfeiture, the receipt of which notice was acknowledged by him, by a letter in which he denied the legality of such forfeiture, and professed his readiness to pay the amount due, and his determination to hold the trustees responsible, and to contest the right to forfeit his shares, but he made no tender of the amount due on it until March, 1855, at the time of filing the bill. It appeared by the testimony of S. H. Fleetwood, that in October, 1853, Walker requested him to give further time on his assessment and to receive certain acceptances of Ward & Bro., of New York, for the amount due. Upon the delivery of which to him, Fleetwood issued to Walker the certificate for the one hundred and sixty-six shares of stock and received it back for Walker as collateral security for the payment of the acceptances. These acceptances were not paid when due and were renewed by Fleetwood, and were all finally dishonored, and the house of Ward & Bro. became bankrupt. There was evidence showing a knowledge on the part of the trustees of the receipt of these acceptances by Fleetwood, and of an implied acquiescence in it by them. But such ratification was denied by them in their answer, and it appeared that they had never received the acceptances from Fleetwood, but refused so to do, and took from him the certificate of stock issued to Walker for the one hundred and sixty-six shares, and caused it to be cancelled.

J. M. Cassin and R. J. Walker, for complainant.

E. C. Larned and I. N. Arnold, for defendants.

DRUMMOND, District Judge. My opinion is that the assessment was legal and proper, and that a sufficient notice was given to Walker. If there was an illegality or irregularity in the assessment, the burden of proof was on the complainant to establish it, and he has failed to do so. But irrespective of the presumption of law of its regularity, I think upon the evidence before me that its legality is sufficiently established in every substantial particular.

I am also of the opinion that the objection taken by the defendants to the action of Fleetwood in receiving the acceptances, is well taken. I think the trustees had no authority, under the articles, to take anything but money. The complainant being a party to the articles, was bound to take notice of the nature and extent of the authority thereby given. I assume, therefore, that the giving of the acceptances was illegal, and that the complainant did not pay his assessment as required by the

articles, and the question in the case is simply one of forfeiture.

·I am of opinion that the complainant at law incurred a forfeiture of his stock, and the only question is, has the court of equity the right to relieve for such forfeiture and is a case for such relief made out by the complainant? It is to be observed that no rights of property have become vested by reason of the forfeiture in this case. The forfeited stock has never been distributed among the shareholders, or sold as is provided for by the articles. Had such action been taken a different case would have been presented.

The articles provide no express mode by which the forfeiture is to be established. If they did, and such mode had been pursued, and especially if any right had vested in consequence thereof in third parties, the defendants' argument would have had more force. But here is a mere naked declaration that the stock is forfeited, which is all that stands in the way of the relief sought by the bill.

Courts of equity do not favor forfeitures, and it cannot be denied that the effect of a forfeiture in this case would be to inflict a heavy loss and injury upon the complainant. He would thereby lose all his interest in the increased value of a large amount of property, in a portion of which he was concerned as one of the original purchasers. The question is: Can the mere declaration of the trustees have the effect to foreclose all of Walker's interest in this property? I think not. I am inclined to the opinion (although I do not put my decision of this case on that ground), that a judicial decree of foreclosure upon a bill filed by the trustee, was necessary in order to bar the rights of Walker to redeem his stock.  ·

Having come to the conclusion then that a court of equity has the right to grant relief if a proper case is made, the remaining question is: has the complainant made out such a case? In this view of the case, the transaction with Fleetwood is important. There is no question that this was in perfect good faith on the part of all the parties. They acted under an honest mistake in regard to their powers. The paper furnished by Walker was deemed unquestionable at the time. He left the stock as collateral. He was, as is shown, amply able to have raised the money in other ways if this agreement had not been made with Fleetwood. The trustees certainly knew of and acquiesced in the act of Fleetwood in taking the acceptances. They gave no notice to Walker of any dissatisfaction on their part with the arrangement until long after the maturity of the acceptances.

Under such circumstances, the complainant having come in and tendered in money the whole amount due and ten per cent. interest, it would be hard and oppressive to deny him the right to redeem his stock, and I should not feel inclined to do so unless compelled by the authorities. and from such examination of the. law as I have been enabled to make in the brief time I have had, I think relief may be granted.

The case of Sparks v. Liverpool Water Works, 13 Ves. 428, decided by Sir Wm. Grant, has been pressed with much·force by the defendants' counsel. But I think that that case rests upon the public corporate objects of the concern. The case before me is different. It is that of a mere private land company in which the public have no interest.

This case has been likened by the counsel on the part of the complainant to that of a bill to redeem from a mortgage after forfeiture, and on the other side to a bill for a specific performance of a defaulted contract to convey, and in my opinion neither of these views are to be regarded as exactly correct. It is a case which rests upon principles peculiar to itself, and the right to relief is based upon the considerations which I have stated.

Upon payment of the whole amount due, principal and interest, the complainant should be allowed to redeem his stock, and certificates thereof should be executed and delivered to him by defendants, and decree will be entered accordingly.

NOTE. Corporations may be authorized to forfeit stock. Herkimer Manufacturing & Hydraulic Co. v. Small, 21 Wend. 273; Troy Turnpike & Railroad Co. v. M'Chesney, Id. 296. Unless the power to forfeit stock is given by the charter, a by-law subjecting it to forfeiture is merely nugatory. In re Long Island R. Co., 19 Wend. 37; Bordentown & S. A. Turnpike Co. v. Imlay, 1 South. [4 N. J. Law] 285; In re National Patent Steam Fuel Co., 5 Jur. (N. S.) 420, 28 Law J. Ch. 637. Directors cannot forfeit stock in any other way than the mode provided in the charter. Downing v. Potts, 3 Zab. [23 N. J. Law] 66. Forfeiture can only be enforced upon full compliance with the provisions of the act. Eastern Plank Road Co. v. Vaughan, 20 Barb. 155.