ALFRED SLEEPER *vs.* UNION INSURANCE COMPANY.

Knox, 1874.—May 31, 1876.

*Insurance. Mortgages.*

When a part owner of a vessel effects a policy for the benefit of whom it may concern, a suit in case of loss may be maintained for the whole upon such policy, in the name of the party effecting the policy, or, in case of his death, by his administrator.

*Thus :* Alexander owning a fourth of the Abby Brackett, mortgaged the same to the plaintiff to secure a note of $1500, and procured an insurance for $2000, "on account of whom it may concern, loss payable to him;" the vessel being lost, and Alexander dead, *held*, 1, that his administratrix could recover in an action on the policy; 2, that payment of the judgment in her favor by the underwriters was a bar to a suit by the mortgagee.

ON MOTION.

ASSUMPSIT on a policy of insurance.

E. K. Alexander was the owner of one-fourth of the schooner Abby Brackett. In November, 1866, he borrowed of the plaintiff $2250, gave him a mortgage on his house to secure one note of $750, and a mortgage on the vessel for security of another note of $1500. Capt. Alexander, then living in Rockland and about to proceed in the vessel of which he was master on a voyage, engaged one Sumner to procure for him a policy for $2000 on his vessel. Mr. Sumner procured of the defendant company a policy of $2000, in and by which the company did "cause E. K. Alexander, on account of whom it may concern, loss payable to him, to be insured, lost or not lost, two thousand dollars on schooner Abby Brackett, for one year from November 10th, 1866, against a total loss only," and gave a premium note for $221, signed E. K. Alexander, by M. Sumner. Capt. Alexander wrote from New York to his wife, to go to Mr. Sumner's office and obtain the policy of insurance ; she did so. On the 27th of April, 1867, the vessel with Capt. Alexander was lost at sea. His widow, Annie D. Alexander, was appointed administratrix of his estate and called upon the insurance company to pay. They delayed payment, and she commenced an action against them and obtained judgment upon default, at the September term, 1868, of the supreme judicial court for Knox county for $2087.33 debt and $12.55 costs. Execution was issued and paid by the defendant company (less amount of premium note deducted,) to Mrs. Alexander, administratrix.

The plaintiff commenced a suit against the defendant on the same policy, and claimed to recover upon the ground that there was an agreement between himself and Capt. Alexander when the loan was made, that Capt. Alexander should procure a policy of insurance on the vessel for him, and that he notified the company before it paid the loss, that he claimed it.

The presiding justice instructed the jury to return certain findings ; and further, that if the policy was for the benefit of Alexander and Sleeper jointly, the plaintiff could not recover ; that if they found for the plaintiff, he must recover the $1500 note with interest to the date of the verdict.

The jury returned a general verdict for the plaintiff for $2029,

being the amount of his $1500 note; and also found specially that the policy was not effected for the benefit of E. K. Alexander alone; or for the benefit of Alfred Sleeper alone; but was effected for the benefit of E. K. Alexander and Alfred Sleeper jointly.

The defendants moved to have the verdict set aside as against law, evidence and the weight of evidence. They also alleged exceptions to the rulings and charge generally; but seemed to waive these in their argument before the law court.

*C. P. Stetson,* for the defendants.

I. Captain Alexander as owner, notwithstanding Sleeper's mortgage of $1500, had the right to insure the vessel for the $2000 in his own name, and for himself, and to make the loss payable to himself, and in case of loss to demand the amount of it, and if not paid, to sue for and recover the same. It would be no defense for the company to say that Sleeper was mortgagee, and claimed the amount of the loss, or to say that there was a parol agreement between Alexander and Sleeper, that the policy should be for the benefit of Sleeper. After his death his administratrix had the same right against the company.

The jury have found that the policy was not intended for the benefit of Sleeper alone, but for Alexander and Sleeper jointly.

In *Ward* v. *Wood,* 13 Mass., p. 544, where a policy was made payable to the plaintiff on account of whom it may concern, and another party was interested in the property insured, it was insisted that as another party's interest was insured, he ought to have joined in the action; but it was there held, "that it was in conformity with the contract that the plaintiff should maintain the action in his own name, and it is agreeable to usage that he should do so in policies of this form."

On a policy in the name of W., for whom it may concern, the concern being himself and another, an action may be by W. alone. 2 Phillips on Ins., § 1958.

II. It is only where the party to whom it is payable has no interest that the action can be brought in the name of the other parties interested. 2 Parsons Mar. Law, 477. *Copeland* v. *Mercantile Ins. Co.,* 6 Pick., 197.

III. The judgment in favor of Mrs. Alexander is a bar to this

action. Separate actions cannot be brought unless the distinct interests are distinctly specified. 2 Phillips on Ins., 1960.

IV. The plaintiff, if the case is as he claims, has mistaken his remedy; he should have brought a bill in equity.

V. The judgment is final for the company. A judgment by default is equally binding as a judgment after trial of the issue before a jury. Freeman on Judg., §§ 330, 532, 215.

*A. P. Gould & J. E. Moore,* for the plaintiff.

I. This insurance was effected "on account of whom it may concern."

It was competent for the plaintiff to show that it was obtained for his benefit, in whole or in part, and was so intended by Alexander, at the time he ordered the policy; and he can maintain this action in his own name although the policy was made payable to Alexander. 1 Arnould on Ins. pp., 25* and 26*, and note. Angell on Ins., §§ 78, 80, 81, 82, and 379. *Aldrich* v. *Equitable Ins. Co.,* 1 Wood & Minot, 272. *Stephenson* v. *Piscataqua Ins. Co.,* 54 Maine, 55, 72.

And this may be shown by parol evidence. 1 Arnould on Ins., p. 170*, note 2, and authorities. 2 Arnould on Ins., pp. 1249*, 1250*, § 433, and note (1). 2 Parsons Mar. Law, pp. 29, 30, and notes. Angell on Ins., § 82. *French* v. *Blackhouse,* 5 Burr., 2727. 2 Duer's Ins., p. 9, § 8, and p. 29, § 21. *Finny* v. *Bedford Commercial Ins. Co.,* 8 Metc., 348, 350. *Finny* v. *Fairhaven Ins. Co.,* 5 Metc., 192.

The person, on whose account the insurance is thus made, is really a party to the contract, as much as if his name was written in the policy as promisee. He has not simply a beneficial interest, but is the person whom the insurer directly promises to indemnify; and it is on this ground that an action on the policy is maintainable in his name. 1 Phillips Ins., 152. *Newton* v. *Douglass,* 7 Har. & J., 450. *Buck* v. *Chesapeake Ins. Co.,* 1 Pet., 151.

In such cases, the relation of the person who procures the insurance to the assured, or the person for whose benefit the policy is intended, is simply that of agent. And if the agent, without instructions from the principal, causes the policy to be made pay-

able to himself, he does not thereby deprive his principal of any right.

Such an agency, like all other agencies, may be revoked by the principal; and would be terminated by the death of the agent; and if the termination of the agency is made known to the insurer before a loss upon the policy is paid, he would not be justified in paying to the agent, although upon its face the policy was payable to him. The introduction of this provision would not change the right of the person for whose benefit the insurance was effected; and if the agent, in his life time and before the revocation of the agency, should recover the money on the policy, he would hold it in trust for the principal. The provision, therefore, that the policy should be payable to him, would only create a trusteeship in the agent which might be revoked, like an agency, by the *cestui que trust;* and surely would be terminated by the death of the trustee, and would not survive to his personal representatives, or descend to his heirs.

If the insurer was informed of the trusteeship, or agency and of its termination, he would not be authorized to pay the money, in case of loss, to the personal representative of the trustee, or agent; and such representative could maintain no action upon the policy to recover the amount due to the principal, or *cestui que trust.*

If the agent, to whom a policy was made payable, should in his life time undertake to maintain an action upon the policy for the benefit of his principal, the principal might forbid it; and the agent could not afterwards proceed and recover the share due to his principal, although the agent might also have a personal interest in the loss. It was so held in *Copeland* v. *Mercantile Ins. Co.,* 6 Pick., 197, see page 205. *Farrow* v. *Commonwealth Ins. Co.,* 18 Pick., 53. 2 Parsons on Mar. Law, 34.

II. If the policy was intended for the benefit of both Sleeper and Alexander, and they thus became the parties insured, either joint or several, the judgment in favor of Mrs. Alexander is no bar to this suit.

If originally they were joint promisees, Alexander being dead, Sleeper alone could maintain an action upon the policy; and

the administratrix had no such authority, even to the extent of her husband's interest. The suit in her favor would have been defeated, if properly defended. Chitty says: "When one or more of several obligees, covenantees, partners or others having a joint legal interest in the contract, dies, the action must be brought in the name of the survivor, and the executor or administrator of the deceased must not be joined; nor can he sue separately, though the deceased alone might be entitled to the beneficial interest in the contract; and the executor must resort to a court of equity to obtain from the survivor the testator's share of the sum recovered." 1 Chit. Pl., 19. *Peters, adm'r,* v. *Davis,* 7 Mass., 257. Gould's Pl., § 61, (4th ed.)

And when the last survivor dies, his executor or administrator alone can sue; and the personal representatives of the partner or other person having a joint legal interest in the contract, who first died, cannot be joined. Collyer on Part., (4th Am. ed. by Perkins,) § 666, and note 3, and authorities there cited.

It would seem pretty clear that the interest in the policy in this case of Sleeper and Alexander was joint, although Sleeper's interest may be regarded as for a definite sum, to wit, $1500 and interest, and that in case of loss his claim had priority over that of Alexander and must be first satisfied out of the proceeds.

If this be so, it is very clear that Mrs. Alexander, as administratrix, could have legally maintained no action upon the policy.

But if Sleeper and Alexander had a several interest in the policy, Alexander's administratrix could only have maintained an action for her husband's interest in the policy.

Where the contract is with two or more severally, and their interest is several, no right of survivorship accrues between them. In such case, therefore, each, on his own death transmits his several interest, and right of action, to his own representative; the case being, in effect, the same as if a separate contract had been made with each of the original parties, for his part of the debt or demand. Gould's Pl., (4th ed.,) § 62, citing Cro. Eliz., 729. 2 Burr., 1197. 1 Saund., 154.

If this contract of insurance was joint and the interests of Sleeper and Alexander therein were joint, although the whole

policy survived to Sleeper, on Alexander's death, it may be that it was competent for the defendants by agreement with Alexander's administratrix to sever the interest; and this was effected by suffering her to recover judgment on the policy, and paying to her the judgment. This would work an extinguishment of Alexander's interest in the policy, although it would by no means affect the plaintiff's interest therein, or deprive him of the right to bring an action to recover it. *Austin* v. *Walsh*, 2 Mass., 401. *Baker* v. *Jewell*, 6 Mass., 460.

It is very clear, upon the authorities, that the defendants, by consenting to judgment against them in the suit of the administratrix in law, agreed to a severance of the interests or claims of Sleeper and of Alexander's estate in the policy; and that Sleeper may now proceed alone to recover his $1500 and interest, without any reference to, or even mentioning, the extinguished interest of Alexander's estate.

III. The judgment by the administratrix is no bar to the plaintiff's claim, although she was permitted, either by the neglect or fraudulent collusion of the defendants, to recover for the whole amount of the policy. Sufficient reason and authority for this has already been given.

The plaintiff is not estopped nor in any way to be affected by that judgment; because he was not a party to it; nor was he in any way privy to that suit. He had no knowledge of its existence and, before its commencement, forbade it and notified the defendants of his interest in the policy, showed them his mortgage and notes, and forbade their paying the policy to the administratrix.

It is a general principle, and one of the elements of the doctrine of *res judicata*, that personal judgments conclude only the parties to them and their privies. Bigelow on Estoppel, 46.

In the suit of Mrs. Alexander, she did not attempt to recover for the plaintiff's interest in the policy. The declaration in her writ is upon the interest of her intestate alone, and, if the defendants permitted her to recover a sum larger than that interest, it was their own fault. They did it with their eyes wide open, and after the most explicit information of the interest of the plaintiff,

and his repeated admonition not to suffer the administratrix to collect his share of the policy. There can be no pretense of the privity of the plaintiff, in that judgment.

We have already seen that although the policy was payable to Alexander, if it was intended for the benefit of Sleeper, as well as for himself, Sleeper became as much a party to the policy as if his name had been mentioned and his interest in it defined, and that, when knowledge of this fact was brought to the defendants, they were affected by it, just as if it was expressed upon the face of the policy. We have also seen that it would have been competent for Sleeper, in the life time of Alexander, to terminate Alexander's agency, and to prevent his prosecution of a suit, in his own name, to recover the whole policy. And it will hardly be questioned that his agency was terminated by his death.

But the presiding judge seems to have entertained the idea that that agency was in some way transmitted to his widow. He says : "But the suit may be brought in the name of the agent, and he brings it in trust for the benefit of the person for whom the policy was procured. If it was for the benefit of both Sleeper and Alexander, each having an interest in the policy, then the widow, having the policy, might bring a suit and recover ; then, as I understand it, she would get judgment for the whole."

It seems she is to do this as agent. In what way the agency of the husband passed to his widow as such, we don't quite understand; and certainly the chief justice did not mean to say, that the agency of her intestate would be transmitted to her, by virtue of her letters of administration. And it is equally difficult for us to conceive, how she could be made an agent of the plaintiff, by the accidental possession of a policy of insurance, which belonged to him, and to which she was not a party, and in which no agency in her was created.

The policy was payable to Alexander, not to his administrator ; and unless the policy belonged wholly to Alexander, she could maintain no action upon it. It was payable to him, simply as agent of whom it concerned ; at his death that agency ceased, and did not descend to his administratrix, and those concerned could only maintain an action upon it. As it was not payable to her by

the terms of the contract, it could be sued by her only upon the ground of sole property in her intestate.

But if it can be imagined that in some way inconceivable to us she was invested with an agency for the plaintiff, that agency was terminated by the plaintiff before her suit, and a subsequent judgment in her favor is no bar to this action.

Bigelow says: "It seems clearly deducible from the cases, that where an agent brings suit in his own name, for a breach of contract or for a tort, in right of his principal but not at his instance, the judgment, though in favor of the plaintiff, will not bar an action for the demand by the principal." *Bigelow on Estoppel*, p. 70. See *Pico* v. *Webster*, 12 Cal., 140.

*A fortiori* this would be true if the defendant, as well as the agent, had been notified before the suit, that the agency was repudiated and that he was forbidden to recover or receive the money.

APPLETON, C. J. E. K. Alexander, being the owner of one-fourth of the Abby Brackett, mortgaged the same to the plaintiff to secure a note of hand of fifteen hundred dollars. Being about to proceed on a voyage, he procured an insurance on his vessel to the amount of $2000, "on account of whom it may concern, loss payable to him."

The policy thus obtained was forwarded to the wife of Alexander. The vessel being lost and Alexander dead, his wife, Annie D. Alexander, was appointed administratrix, commenced a suit on the policy and obtained a judgment thereon which the defendants have paid.

The jury have found that the policy was for the benefit of the plaintiff and Alexander to the extent of their respective interests. The question is whether upon these facts the plaintiff can maintain a second suit upon this policy.

When a broker or part owner effects a policy "for the benefit of whom it may concern," a suit in case of loss may be maintained upon such policy in the name of the party effecting the policy or in the name or names of those for whose benefit it was made and who are, and are intended to be, insured under the clause "on account of whom it may concern" or some similar form of expression,

although they are not named in the policy. "You may bring your action," observes Bailey, J., in *Sargent* v. *Morris*, 3 B. & A., 277, "either in the name of the party by whom the contract was made or of the party for whom the contract was made.".

The administratrix of the party with whom the policy was made had the same right to bring the suit as her intestate. If the party with whom a contract is made can bring an action upon it, his administrator or executor can do the same. No instance can be found where it has not so been held. If the administratrix of Alexander could not do it, it would be the only exceptional case where it could not be done. If Alexander was a mere agent the suit would have been for the benefit of the *cestui que trust*. The same result would follow if the suit is brought by the administratrix. The court in such case will protect the party interested against the nominal party.

A recovery being had for the whole amount insured, this plaintiff might have recovered of the administratrix to the extent of his insurable interest. *Burrows* v. *Turner*, 24 Wend., 276.

It has been seen that an action may be maintained on a policy in the name of the party to whom the same is payable or of the parties "whom it may concern." But one action is maintainable. 2 Phillips on Insurance, §§ 1965, 1972. There is but one party who can maintain an action, either the party to whom the policy is made payable or the person or persons "whom it may concern."

A judgment has been recovered upon the policy in the name of the administratrix. She had possession of the policy and an interest in the same. She was authorized to commence a suit, and the suit so commenced was for the benefit of whom it may concern. A judgment has been recovered by her upon the policy, which has been fully satisfied. A second suit for the same cause of action, or for a portion of the same cause, cannot be maintained. "If there be any one principle of law settled beyond all question," observes Barbour, J., in *U. S.* v. *Leffler*, 11 Pet., p. 100, "it is that whenever a cause of action, in the language of the law, *transit in rem judicatam*, and the judgment thereupon remains in full force unreversed, the original cause of action is merged and gone forever." Unless such is the law, the defendants are without pro-

tection by any judgment rendered against them in a suit by the party with whom they contracted. New parties may claim to be included in the clause "whom it may concern" and this judgment be no better or more effectual bar than the one already rendered against them.

This plaintiff, it must be remembered, had no right to revoke the suit by the administratrix, inasmuch as her intestate had an interest in the policy. He might intervene for his own protection, but he could not, even if he had received the amount claimed by him as due, have defeated the action brought by Mrs. Alexander. *Copeland* v. *Mercantile Ins. Co.*, 6 Pick., 198. The defendants have paid a judgment rendered against them by a party authorized to sue, having possession of the policy and against whose suit they could not have made any legal defense whatever.

*New trial granted.*

WALTON, VIRGIN and LIBBEY, JJ., concurred.

DICKERSON, J., *dissenting.* It is the uniform doctrine of all the cases that an action may be brought and maintained upon a policy of marine insurance, in case of loss, containing the clause, "on account of whom it may concern," either in the name of the person who directly negotiated the insurance or in that of the party who owned the property and was intended to be insured. *Farrow* v. *Commonwealth Ins. Co.*, 18 Pick., 53. *Sargeant* v. *Morris*, 3 Barn. & Ald., 277. *Burrows* v. *Turner*, 24 Wend., 276. 2 Phillips on Ins., 610.

The party in interest, in such case, is entitled to maintain an action upon the policy in his own name although, by the terms of the policy, the loss is made payable to the party who directly negotiated the insurance. *Williams et als.* v. *Ocean Ins. Co.*, 2 Metc., 303. *Farrow* v· *Ocean Ins. Co.*, 18 Pick., 53.

The foregoing principles apply in cases where the party who effected the insurance had no pecuniary interest in the policy. Where, however, a policy, containing the clause, "to whom it may concern," loss payable to the party who effected the insurance, is procured for the joint benefit of both parties, the general principles of law applicable to joint obligees, joint promisees and others,

obtain. In such case, if one of the joint obligees or promisees dies, the survivor alone can maintain an action upon the contract.

In 1 Chit. Pl., 19, the author says, that "when one or more of several obligees, covenantees, partners or others having a joint legal interest in the contract, dies, the action must be brought in the name of the survivor, and the executor or administrator of the deceased must not be joined; nor can he sue separately, though the deceased alone might be entitled to the beneficial interest in the contract; and the executor must resort to a court of equity to obtain from the survivor the testator's share of the sum recovered."

So in Gould's Pl., § 61, 4th ed., the same doctrine is laid down with like clearness and force as follows: "on the death of one of two or more joint obligees, promisees, &c., the action must be brought by the survivor or, if there be more than one, by all the survivors. For, by the common law, rights of action, vested jointly in several persons, survive entire, on the death of any of them, to the survivors. If, therefore, one of two joint obligees dies, his executor or administrator can neither join in an action upon the contract with the survivor, nor sue alone at law for the part which belonged to his testator or intestate." The same principle runs through all the authorities upon this subject. *Clark* v. *Howe*, 23 Maine, 560. *Strang* v. *Hirst*, 61 Maine, 9. *Peters, admr.*, v. *Davis*, 7 Mass., 257. Collyer on Part., 4 American ed., § 666.

In the case at bar, the policy contained the clause, "on account of whom it may concern," "loss payable to E. K. Alexander," who negotiated the insurance. Alexander died before any action was brought upon the policy. The jury found specially that the insurance was effected for the benefit of Alexander and the plaintiff jointly. They were, therefore, joint promisees. The plaintiff sustains the same relation to the policy as he would if his name had appeared upon the face of it. In the contemplation of the contract he was the party whom the defendant company promised no less than Alexander. Both stood upon the same footing as joint promisees.

According to the foregoing principles, upon the death of either, an action upon the policy could only be maintained in the name

of the survivor. The action brought upon the policy, by the administratrix of Alexander, could have been successfully defended upon the ground that no right of action vested in her under the policy by virtue of her capacity as administratrix. But the defendant company, for some unexplained if not unexplainable reason, after ample notice of the plaintiff's claim and an offer on his part to undertake and prosecute the defense without cost to them, suffered themselves to be defaulted, and satisfied the judgment thus recovered against them, before the present plaintiff knew that any action had been commenced.

The judgment recovered by the administratrix under these circumstances is no bar to the plaintiff's suit. He is not estopped by that judgment either as a party or a privy to it. His name nowhere appears of record in that case, nor was he in any way made privy to it. He was ignorant of the whole proceeding, and not only had no opportunity, but was denied the right, to defend that suit. That judgment does not purport to have been recovered in any respect for the benefit of the present plaintiff. On the contrary, it excludes every theory of his interest or privity therein, as the record shows that it was recovered upon the allegation of Alexander's exclusive ownership of the policy. If it be said that the plaintiff was interested in the question raised and adjudicated upon in that suit and was therefore privy to it, the answer is that, by the acts of the defendant company, the plaintiff was precluded from showing his interest, and that they are not permitted to plead their own wrong in bar of the plaintiff's rights. They compelled his silence then, and ought now to be silent themselves. The payment of the loss by the defendant company to Alexander's representative, under these circumstances, affords the defendants no protection against their liabilty to pay the plaintiff.

It is no valid objection to the maintenance of this suit that the loss is made payable to Alexander by the terms of the policy. This provision simply makes Alexander the appointee or agent of the plaintiff to receive the amount that may become due to him under the policy. It is a personal trust, revocable at the pleasure of the plaintiff, during the life time of Alexander, and is revoked *ipso facto*, by his death. The notice of his claim given by the

plaintiff to the defendants and his protest against the payment thereof to Alexander's administratrix were sufficient to advise them that the authority given to Alexander to collect the loss for him was revoked, and that they would make such payment to her at their peril. Besides, the authority of Alexander to collect and receive the loss was personal, and did not enure to his representative, but terminated at his decease. His administratrix, as we have seen, had no right to maintain an action on the policy, upon any other ground, than that he was the sole owner thereof, which the jury by their verdict have negatived.

The defendants moved to set aside the verdict, not in terms, because it is against the instructions of the presiding justice, but because it is against law. The jury were instructed as follows : "If the action is brought in the names of the persons for whose benefit it was procured, it must be brought in the names of both parties. But the suit may be brought in the name of the agent and he brings it in trust for the benefit of the person for whom the policy was procured. If it was for the benefit of both Sleeper and Alexander, each having an interest in the policy, then the widow having the policy might bring a suit and recover. Then, as I understand it, she would get judgment for the whole. Then what would be the result ? If the defendant company had notice that somebody else had an interest in the policy and they paid over a portion of that judgment wrongfully, the judgment to that extent would remain unsatisfied and might be enforced to the extent of his interest, if you are satisfied that he had an interest. So that if upon the whole evidence you find that the policy was made for the benefit of both parties and judgment was obtained in the name of the administratrix, then I instruct you that this action cannot be maintained."

It is obvious that the verdict of the jury, interpreted by the special finding, is contrary to this instruction, and it is also clear from what has already been said that this instruction is erroneous, and that the verdict of the jury may be sustained in this respect by both law and fact. As it is not claimed, and does not appear, that the verdict is against law upon any other grounds, the verdict cannot be set aside for the reason alleged.

The error in the opinion of the chief justice consists in the assumption that the administratrix of one of the parties interested in a policy of insurance has the same right to bring an action upon it, that her intestate had in his life time. This is contrary to the doctrine of the most approved text books, and the hitherto unbroken line of authorities, hereinbefore cited. No case is cited to sustain this view of the case, nor is it believed that any one can be found. The case of *Burrows* v. *Turner*, 24 Wend., 276, simply decides that where one of the parties originally interested in a policy of insurance collects the whole amount of the loss in his own name, and withholds from the other party his share, he is liable to such party, therefor, in an action for money had and received. In that case both of the parties were living, and the question, whether the representative of a deceased party jointly interested in a policy of insurance with another person or the survivor alone can maintain an action upon it, did not arise and was not considered by the court. I cannot resist the conclusion that the doctrine of the chief justice upon this branch of the case is not sustained by argument, principle or authority ; it is *petitio principii.*

BARROWS, J., concurred in the dissenting opinion.

DANFORTH, J., concurred in its result.

PETERS, J., being interested, did not sit.