MULDREW *v.* DODSON.

5-3237                                   376 S. W. 2d 672

Opinion delivered March 23, 1964.

*T. S. Lovett, Jr.* and *Leffel Gentry,* for appellant.

*Pope, Pratt & Shamburger, Donald S. Ryan,* for appellee.

GEORGE ROSE SMITH, J. On March 19, 1947, James Collier died testate in Pulaski County. His will left the bulk of his estate to two of his children, Nathaniel and Rosetta, with bequests of one dollar each to eight other children. The will was promptly filed in the office of the county and probate clerk, but for some reason no order admitting the instrument to probate was entered. The matter lay dormant until 1963, when the appellant, as the guardian and next friend of Nathaniel, the only surviving principal beneficiary, filed a petition for the probate of the will. This appeal is from an order holding that the attempt to probate the instrument is barred by limitations.

The appellant testified that after Collier's death she took the will to the clerk's office. At a deputy clerk's suggestion she employed an attorney, who filed the will and also prepared and filed the necessary proof of execution by the attesting witnesses to the will.

Under the statute then in force it was the duty of the probate clerk to proceed with the probate of the will. "When any will shall be exhibited for probate, the court of probate, or clerk thereof in vacation, in person or by his deputy, may and shall receive the probate thereof

in common form, and shall grant a certificate of probate, or, if the will be rejected, shall grant a certificate of rejection; but such action by such clerk or deputy, in vacation, shall be subject to the confirmation or rejection of the court." Ark. Stat. Ann. § 60-209 (1947). It was then the usual practice for the clerk to attend to the entry of the order of probate, in harmony with the directive that he "may and shall" receive the probate of the will in common form. Hence the oversight in this instance was at least partly chargeable to the clerk.

There was formerly no limitation upon the time within which a will might be offered for probate. *Hudson* v. *Hudson,* 219 Ark. 211, 242 S. W. 2d 154. The Probate Code, however, provides that no will shall be admitted to probate unless application therefor is made to the court within five years from the death of the decedent. Ark. Stat. Ann. § 62-2125 (Supp. 1963). The appellees now insist that the five-year statute began to run upon the adoption of the Code in 1949, so that the attempted probate in 1963 came too late.

We are not in sympathy with this contention. The Probate Code took effect on July 1, 1949, "except that when its application . . . would work injustice in particular proceedings then pending, the former procedure shall apply." Ark. Stat. Ann. § 62-2002 (Supp. 1963). This case falls within the exception. The appellant and her attorney had taken the necessary steps to offer the will for probate in common form under the law as it existed in 1947. It would be unjust to apply the five-year limitation in this instance, not only because a public officer was at fault in the matter but also because, in a doubtful situation, we prefer to give effect to the testator's intention by upholding the will.

Reversed.