## Alma BLUNDELL v. The ESTATE of Georgia COX, Deceased, et al.

88-113                                                760 S.W.2d 872

Supreme Court of Arkansas
Opinion delivered December 12, 1988

*Raymond C. Smith, P.A.,* by: *Raymond C. Smith,* for appellant.

No brief filed.

JOHN I. PURTLE, Justice. This is an appeal from a decision of the Washington County Chancery Court confirming title to a certain tract of land in the lineal heirs of A.F. Cox. The trial court held that the will of A.F. Cox had never been probated. Nevertheless, the chancellor, applying the provisions of Ark. Code Ann. § 28-40-104 (1987), confirmed title in the heirs of the decedent, A.F. Cox, as though the terms of the will had been followed. The heirs of A.F. Cox are the appellees, and the appellant is the mother of the widow of John Cox, one of the sons of A.F. Cox. The appellant advances three arguments for reversal: (1) the chancellor erred in finding that the will of A.F. Cox had never been probated; (2) the chancellor erred in applying the provisions of Ark. Code Ann.§ 28-40-104 (1987); and (3) the chancellor erred in ruling that appellant had no interest in this tract of land. We hold that the chancellor ruled correctly, albeit for the wrong reason. The chancellor's decision is therefore affirmed.

A.F. Cox died in 1936. He was survived by his wife, Minnie Bell Cox, and five children. A.F. Cox left a will dated October 19, 1934. The will designated the widow as the beneficiary of his estate during her lifetime. Upon her death the tract of land here in

question was to pass to one of his sons, John Cox, and if John Cox died without issue, the property was then to pass to other heirs of the decedent.

At the time of the death of A.F. Cox, he was survived by his widow and five children, Ila Faye Holden, Laura Cox, Lacy Cox, Wayne Cox, and John Cox. Faye Holden died in 1974 and was survived by a husband (since deceased) and four children, Margaret Loftin, Denton Holden, Eugene Holden (now deceased), and Dennis Holden (also deceased without issue). Lacy Cox died without marriage or children. Wayne Cox died in 1976, survived by his wife, Georgia Cox, who died in 1986. Wayne and Georgia had no children, but Georgia had children by a former marriage. John Cox died in 1981 without children and was survived by his widow, Mary Cox, who died in 1986. The appellant is the mother of Mary Cox.

We first consider the matter of the probate of the will of A.F. Cox. The will was admitted to probate on August 5, 1936. Proof of execution of the will was submitted and letters testamentary were issued to the widow, Minnie Bell Cox, and she was permitted to serve as administratrix without bond. However, the estate was never closed. She never formally completed administration of the estate. By the terms of the will, his widow was given a life estate in this property. Since her estate ended with her death, it was not necessary to probate her estate because her husband's will provided that upon her death, the property was to pass to John Cox and then to his issue. A.F. Cox's will further provided that in the event John Cox had no issue, the property was to pass to the other designated heirs of A.F. Cox.

John Cox died without issue and his widow remained on the property for the rest of her life. Had John Cox received the property in fee simple, the laws of descent and distribution in effect at the time of his death would have dictated that title to the property pass to his widow. Upon her death, her mother, as her closest surviving relative, would have received the property. However, John Cox's estate was limited to his life under the terms of the will of A.F. Cox.

We had a somewhat similar situation in the case of *Muldrew v. Dodson*, 237 Ark. 852, 376 S.W.2d 672 (1964). In *Muldrew* the testator died on March 19, 1947, and the beneficiary of the

will subsequently took it to the clerk's office and filed it, together with the necessary proof of execution by the attesting witnesses. We explained in *Muldrew* that prior to the probate code there was no time limitation upon the filing of a will for probate. However, the code established a five year statute of limitations within which to file a will. This court held that it was the duty of the probate clerk to proceed with the probate of the will after the beneficiary had presented it together with proof of execution. The court pointed out that the probate code took effect on July 1, 1949, but specifically provided that "when its application . . . would work injustice in particular proceedings then pending, the former procedure shall apply." Therefore, under this exception the will here in question could have been probated more than five years after the death of the testator. However, the probate judge examined the will in 1937 and declared it to be the valid will of A.F. Cox and admitted it to probate. There was no objection to that order.

The chancellor gave effect to the provisions of the will which had been admitted to probate in 1936. Since the will was filed and admitted to probate in a timely manner, and there are no inequities resulting from the unusual delay in closing the estate, we see no reason to disturb the chancellor's decision giving full effect to the will of A.F. Cox. Therefore, the order of partition entered by the chancellor is affirmed.

Affirmed.